989 So.2d 655 (2008)
CITY OF DELRAY BEACH, Appellant,
v.
Marguene ST. JUSTE, Appellee.
No. 4D07-2985.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
Rehearing Denied September 24, 2008.
Terrill C. Pyburn and R. Brian Shutt, Delray Beach, and Kara Berard Rockenbach of Gaunt, Pratt, Radford, Methe & Rockenbach, P.A., West Palm Beach, for appellant.
Lloyd J. Heilbrunn and Brian W. Smith of the Law Office of Lloyd J. Heilbrunn, Palm Beach Gardens, for appellee.
Keith W. Davis and Bradley W. Biggs of Corbett and White, P.A., Lantana, for Amicus Curiae Palm Beach County League of Cities, Inc.
KLEIN, J.
The city appeals a judgment for damages in favor of appellee plaintiff, who was injured by two loose dogs. The theory of liability was based on the city's knowledge, from prior complaints, that these dogs were loose from time to time and dangerous. We conclude that decisions made by the city's animal control officer and police to not impound the dogs, were discretionary decisions, for which the city is immune.
*656 Plaintiff was attacked and severely injured by two large dogs owned by a resident of Delray Beach, when the dogs escaped from the resident's fenced yard. The city had an ordinance which provided for the impoundment of any dogs found running at large. About nine months before this incident, the city's animal control officer had responded to an anonymous call about these dogs and, after observing them loose in the front yard of the residence, personally put them in the fenced back yard. She felt they were friendly and not a threat to anyone. Several months later the police department received a call that a woman had been attacked, but not bitten, by these two dogs, to which there was a response by the police, but no impoundment of the dogs. A month after that, a complaint was made by a person who was allegedly bitten by one of the dogs, and again the dogs were not impounded. The report indicated the owner advised she would keep the dogs inside the home until she was able to get her fence fixed so that the dogs would not escape.
A nephew of the plaintiff testified that, two or three times before his aunt was attacked, he had informed the city that the dogs were loose and running after people, and he was advised that the city would "take care of that." There were several other reports, one involving one of the dogs killing a neighbor's cat, or people being frightened of the dogs being on the loose. The animal control officer went out on some but not all of the calls, and once she was accompanied by a code enforcement officer who went with her to post a code violation at the home.
The animal control officer is under the supervision of the city's code enforcement officer, who testified that it was within the discretion of the animal control officer to analyze this situation and determine if it was a threat to the neighborhood. The ability of the city to impound dogs is limited by space and funds.
The city argues that the decision of the animal control officer to impound dogs is indistinguishable from the decision of a police officer to make an arrest, and a governmental body is not liable for such a decision by a police officer. Everton v. Willard, 468 So.2d 936 (Fla.1985) (Governmental body is immune from suit based on decision of officer not to arrest a motorist who was intoxicated and drove off, killing another person in an accident. Law enforcement officer has discretion as to whether to enforce law without being subject to tort liability for injuries to third parties).
At the same time as our supreme court issued Everton, it issued Carter v. City of Stuart, 468 So.2d 955 (Fla.1985), which is on all fours. In Carter the plaintiff sued the city for damages suffered as a result of a dog attacking and severely injuring her minor child. Her action was based on the city's failure to enforce its ordinance requiring the impoundment of dangerous dogs running at large. More specifically, she alleged that the city impoundment officer should have impounded the dog because he was on notice of prior incidents of biting by the dog. In affirming the summary judgment, the court explained:
Turning to this case, we conclude the city had no liability. The amount of resources and personnel to be committed to the enforcement of this ordinance was a policy decision of the city. The city has the right to set its priorities in reference to law enforcement. One of its employees had previously responded to a complaint concerning several dogs including the dog which ultimately bit Carter's child. When responding to this complaint, this employee observed none of the complained-of dogs off of private *657 property and had no independent knowledge of which dog had previously bitten a person. He had to decide whether to trespass on private property and which dogs he should impound if he did. He too made a judgmental decision on behalf of the city which should be immune.
Carter, 468 So.2d at 957. [footnotes omitted]
In footnote 4 the court further commented about the animal control officer:
He decided to take no action. In doing so he exercised his discretion considering whether the ordinance had been violated, who violated it, and what should be done. The fact that a low echelon employee made such a decision does not detract from the fact that it was a reasoned judgmental decision of the city. We should not second-guess it.
Id. at 957.
The plaintiff attempts to distinguish Carter on the ground that in the present case there were more prior complaints to the city than there were in Carter, which we acknowledge, and further cites additional language in the Carter opinion as follows:
Carter argues that there should be liability here because the circumstances left no room for discretion. The facts are clear that this contention cannot stand. This argument, however, does require our pausing short of saying that in no circumstances may a governmental unit be subjected to liability for the failure to enforce its laws. There may be some compelling circumstances, where there is no room for the exercise of discretion, which mandate action because it is clear that a government's failure to act has caused a breach of duty. Where, if ever, such a situation exists will have to await another claim on another occasion.
Id. at 957.
Although there may have been more complaints to the city in this case than in Carter, the Carter opinion referred to allegations by plaintiff that the city should have impounded the dog "after prior incidents of biting." 468 So.2d at 956. We conclude that this case is controlled by Carter and reverse for entry of judgment in favor of the city.
DAMOORGIAN, J., concurs.
HAZOURI, J., dissents with opinion.
HAZOURI, J., dissenting.
It is clear from the evidence in this case that these two dogs had a vicious propensity to cause harm and were not being properly controlled by their owner and thereby were a clear and present danger to the people living in this neighborhood.
The Animal Control Office of the City of Delray Beach was well aware of the danger created by these dogs roaming free. In fact, an animal control officer had on one occasion returned the dogs to the owner's property and placed a cinder block at the hole in the fence to prevent the dogs from escaping. The case narrative for this incident stated that "advised two large dogs terrifying the neighbors, knowing the dogs and owner we got the dogs inside which then dogs attacked and killed her cat."
In addition, there was testimony from the nephew of the plaintiff that animal control was aware of the hazard and would "take care of it." Being aware of the extreme danger posed by these animals and advising that this dangerous condition would be taken care of, creates a special duty to the plaintiff, thereby eliminating the City's immunity.
*658 In Carter, our supreme court did not rule out that there may be circumstances which could subject a municipality to liability, noting that "[t]here may be some compelling circumstances, where there is no room for the exercise of discretion, which mandate action because it is clear that a government's failure to act has caused a breach of duty." Carter, 468 So.2d at 957. This case in my judgment constitutes such compelling circumstances. Therefore I would affirm.